IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

Kenneth D. Dalton and Linda F. Dalton, individually and as Administrators of the Estate of Melvin Drew Dalton, deceased,

Plaintiffs,

vs.

Georgia-Pacific LLC,

Defendant/Third-Party Plaintiff,

vs.

Industrial Mechanical, Inc.,

Third-Party Defendant.

C/A No.: 1:12-415-TLW-SVH

ORDER AND
REPORT AND RECOMMENDATION

This matter comes before the court on the following motions: (1) the motion to remand [Entry #9] filed by plaintiffs Kenneth D. Dalton and Linda F. Dalton, individually and as Administrators of the Estate of Melvin Drew Dalton, deceased ("Plaintiffs"); and (2) the motion of Georgia-Pacific LLC ("Georgia-Pacific") to amend its notice of removal [Entry #16]. Pursuant to 28 U.S.C. § 636, this case has been referred to the undersigned for all pretrial management and motions handling. [Entry #10]. For the reasons that follow, the motion to amend is granted and it is recommended that the motion to remand be denied.

I. Factual and Procedural Background

This wrongful death and survival action against Georgia-Pacific was originally filed in Allendale County on January 25, 2012 by plaintiffs Kenneth D. Dalton and Linda F. Dalton, individually and as administrators of the estate of their late son Melvin Drew Dalton ("Plaintiffs"). *See Dalton v. Georgia-Pacific*, C/A No. 2012-CP-03-027 [Entry #1-1]. Georgia-Pacific removed the action on February 14, 2012, on the assertion of diversity jurisdiction under 28 U.S.C. §§ 1441 and 1332. [Entry #1]. Federal jurisdiction under these sections exists when the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs.

After Georgia-Pacific answered on February 16, 2012 [Entry #4], Plaintiffs filed a motion to remand on February 22, 2012 on the grounds that the parties are not diverse. [Entry #9]. On March 7, 2012, Georgia-Pacific filed an amended answer and a third-party claim against Industrial Mechanical, Inc. [Entry #13]. On March 12, 2012, Georgia-Pacific filed a motion to amend its Notice of Removal. [Entry #16]. The motions having been fully briefed, they are ripe for disposition.

II. Discussion

A. Georgia-Pacific's Motion to Amend its Notice of Removal

Georgia-Pacific seeks leave to amend its Notice of Removal pursuant to 28 U.S.C. § 1653, which provides that "[d]efective allegations of jurisdiction may be amended . . . in the trial and appellate courts."

A defendant is required to file a petition of removal within 30 days after service of the complaint. 28 U.S.C. § 1446. By leave of court, a defendant may amend a notice of

removal to cure "[d]efective allegations of jurisdiction." 28 U.S.C. § 1653. Authorities agree that a defendant may freely amend within the 30-day period. *See* 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3733 (4th ed.). However, in cases involving amendments proposed after expiration of the 30-day period, among the district courts within the Fourth Circuit, there is a divergence of opinion as to the tension between the 30-day limit set forth in 28 U.S.C. § 1446(b) and the permissive terms of 28 U.S.C. § 1653.

The liberal view defines the test as being the prejudice suffered by the plaintiff who originally chose the state forum. The strict constructionist view holds that a court should not, after 28 U.S.C. § 1446(b)'s 30-day limit has expired, grant leave to amend jurisdictional allegations if they are wholly missing from the Notice of Removal. *Cf. Thompson v. Gillen*, 491 F. Supp. 24, 27 (E.D. Va. 1980) (missing allegations about citizenship may not be supplied nor new allegations furnished after 28 U.S.C. § 1446(b)'s 30-day time period has expired), *and Barnhill v. Ins. Co. of N. Am.*, 130 F.R.D. 46 (D.S.C. 1990) (a bare allegation that diversity exists without any specific allegation that the principal place of business is diverse from the plaintiff fails to supply an allegation necessary to establish diversity jurisdiction), *with Ginn v. Stegall*, 132 F.R.D. 166 (E.D. Va. 1990) (liberal view), *FHC Options, Inc. v. Sec. Life Ins. Co.*, 993 F. Supp. 378 (E.D. Va. 1998) (permitting amendment to replace imperfect allegation of state of incorporation), *and Muhlenbeck v. KI, LLC*, 304 F. Supp. 2d 797 (E.D. Va. 2004) (permitting amendment where defendant alleged all of the grounds necessary for removal, but imperfectly alleged its own citizenship).

While the Fourth Circuit has not issued a published opinion on whether it favors the liberal or strict constructionist approach, it noted favoring the liberal interpretation in at least one unpublished opinion. *See Nutter v. New Rents, Inc.*, No. 90-2493, 1991 WL 193490 at, *2 (4th Cir. Oct. 1, 1991) (unpublished) ("We . . . apply the majority rule that an amendment which merely perfects a technically defective jurisdictional allegation in a timely filed removal petition may be allowed after the 30-day removal period.").

In the instant case, the undersigned finds that the liberal view is more persuasive. *See Kinney v. Columbia Savings & Loan Ass'n*, 191 U.S. 78, 83 (1903) (stating that amendment to show diversity of citizenship is proper where a removal petition contains "a technical defect and there are averments sufficient to show jurisdiction"); *S. Pac. Co. v. Stewart*, 245 U.S. 359, 363 (1917) (noting that "[a]mendments have been permitted so as to make the allegations of the removal petition more accurate and certain when the amendment is intended to set forth in proper form the ground of removal already imperfectly stated"). This view is in accord with Professor Wright's position that the cases denying amendment in such circumstances are "unnecessarily grudging," to wit:

> the better rule is that detailed grounds for removal need not be set forth in the notice. Rather, it should be sufficient if the court is provided the facts from which its jurisdiction can be determined. Thus, the same liberal rules employed in testing the sufficiency of a pleading should apply to appraise the sufficiency of a defendant's notice of removal. This liberality of application seems particularly sensible since, in most instances, the district court easily can ascertain whether a particular state court case is removable under the governing removal and original subject-matter jurisdiction statutes.

Wright, Miller, & Cooper, *supra*, § 3733.

In the case at bar, Defendant imperfectly stated its grounds for removal in the original petition. Defendant's original removal petition stated that jurisdiction is proper in this court because "the Defendant is incorporated in the State of Delaware and has its principal place of business there, and the Plaintiffs are, on information and belief, citizens of Georgia, complete diversity of citizenship exists between the parties pursuant to 28 U.S.C. § 1332." *See* Notice of Removal ¶ 5 [Entry #1]. Defendant alleged all of the grounds necessary for removal in its original removal petition, but it imperfectly alleged its own citizenship.

Georgia-Pacific moves to amend its Notice of Removal in order to clarify its statements regarding its citizenship. Notably, Georgia-Pacific mistakenly asserted it was a citizen of Delaware, where Georgia-Pacific filed as a limited liability company. However, Georgia-Pacific states that it has since learned, for purposes of diversity jurisdiction, that it is assigned the citizenship of its members (as discussed in Sections II. B. 3 and 4 below), and it seeks to amend its Notice of Removal to so state. Specifically, Georgia-Pacific seeks to clarify that it "is a limited liability company and not a corporation" and wishes to incorporate into its Amended Notice of Removal Exhibits 2 and 3 which trace its non-LLC members to Koch Renewable Resources, Inc. ("KRR"). Exhibit 2 is the Affidavit of Raffaele Fazio [Entry #16-2] and Exhibit 3 is the Affidavit of Mark Berry [Entry #16-3]. Per these affidavits, Georgia-Pacific's member (KRR) is a citizen of Delaware and Kansas.

In *Nutter*, as here, 28 U.S.C. § 1446(b)'s 30-day limit had passed before the defendant moved to amend. In confronting the question of whether to allow an

amendment to supply a missing jurisdictional allegation after 28 U.S.C. § 1446(b)'s 30-day limit had expired, the Fourth Circuit said:

> We . . . apply the majority rule that an amendment which merely perfects a technically defective jurisdictional allegation in a timely filed petition may be allowed after the 30-day removal period. Under 28 U.S.C. § 1653, defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts. This was such an amendment.

*Nutter*, 1991 WL 193490, at *2 (internal quotations omitted) (quoting with favor *Goforth v. Allstate Ins. Co.*, 213 F. Supp. 595, 597 (W.D.N.C. 1963), which held that "jurisdiction ought to depend more upon the truth of defendant's allegations of diversity than upon defendant's choice of verbiage to allege it").

The undersigned finds that Defendant's assertion concerning its corporate status and citizenship was an imperfectly stated allegation of diversity, not a missing allegation of diversity. Therefore, the court will allow Defendant to amend his Notice of Removal pursuant to 28 U.S.C. § 1653 to properly plead that it is an LLC that traces its non-limited liability company members to KRR with citizenship in Delaware and Kansas. The Clerk's Office is directed to file the Amended Notice of Removal [Entry #16-1] as a separate entry on the docket.

B. Plaintiffs' Motion to Remand

1. Magistrate Judge's Authority to Remand

The motion to remand has been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636. A motion to remand does not explicitly fall within any of the dispositive motions set forth in 28 U.S.C. § 636. This omission has led to a split of authority as to whether a magistrate judge has the authority to remand a matter to state

court. While some courts have held that remand motions are nondispositive and orders of remand can be issued by a United States Magistrate Judge in a non-consent case, the law in the Fourth Circuit remains unclear whether an order or a report and recommendation should be entered. *See, e.g., Jonas v. Unisun Ins. Co.*, No. 00-1217, 2000 WL 1350648, *1 (4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand (as opposed to issuing a report and recommendation for the district court's review)"). At least one district court in this district has addressed this issue in a published opinion and held that a magistrate judge did not have such authority. *See Long v. Lockheed Missiles & Space Co., Inc.*, 783 F. Supp. 249, 250 (D.S.C. 1992) ("[A] remand order is the equivalent of a dismissal. The Magistrate's Order thus sought to effect an 'involuntary dismissal' of the action.") (quoting *Giangola v. Walt Disney World Co.*, 753 F. Supp. 148, 152 (D.N.J. 1990)); *see also Mortg. Elec. Registration Sys., Inc. v. Hunt*, 6:07-1763-HMH, 2007 WL 220403, *3 (D.S.C. July 30, 2007) (unpublished opinion collecting cases and finding report and recommendation appropriate when considering motion to remand).

Although the United States Supreme Court has not addressed the issue directly, it has suggested that a remand motion is functionally indistinguishable from a dispositive motion listed in 28 U.S.C. § 636(b)(1)(A). *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714 (1996) ("No less than an order staying a federal court action pending adjudication of the dispute in state court, [an order of remand] puts the litigants in this case effectively out of court, and its effect is precisely to surrender jurisdiction of a federal suit to a state court.") (internal quotation and citation omitted). The federal circuit

courts addressing this matter have determined in published opinions that remand motions are dispositive. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 264–66 (2d Cir. 2008); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514–17 (6th Cir. 2001); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 994–97 (10th Cir. 2000); and *In re U.S. Healthcare*, 159 F.3d 142, 145–46 (3d Cir. 1998).

The practical impact on the parties of this seemingly-academic dispute is the applicable standard of review in an appeal of the Magistrate Judge's decision on the motion to remand. If the motion to remand is considered nondispositive, the more deferential standard of "clearly erroneous or contrary to law" found in 28 U.S.C. § 636(b)(1)(A) applies to an appeal of the Magistrate Judge's order of remand. If the motion to remand is considered dispositive, the Magistrate Judge should enter a report and recommendation under 28 U.S.C. § 636(b)(1)(B), pursuant to which objections are considered on a *de novo* standard of review under Fed. R. Civ. P. 72.

In light of the unsettled state of the law within this district as to whether motions to remand are considered dispositive, out of an abundance of caution, a report and recommendation, instead of an order, is being entered. This route preserves the prerogative of the district judge to whom this case is assigned, as well as any potentially aggrieved party to secure a *de novo* review upon timely objection, prior to final action on the remand motion.

2. Federal Jurisdiction

Federal courts are courts of limited jurisdiction. A district court must carefully guard to ensure that all cases before it are properly subject to its jurisdiction. A

defendant who has removed an action to federal court has the burden of establishing subject matter jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* "Removal statutes must be strictly construed against removal." *Scott v. Greiner*, 858 F. Supp. 607, 610 (S.D. W.Va. 1994). Further, the court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993).

The Supreme Court has commanded that when considering removal jurisdiction, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 109 (1941) (internal citations omitted).

Pursuant to 28 U.S.C. § 1441:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a). Further, the statute provides that civil actions not involving a federal question "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

### 3. Arguments of the Parties

In their motion to remand, Plaintiffs argue that there was not complete diversity of citizenship between them and Georgia-Pacific when the case was filed such that there was no original jurisdiction in this court for the purpose of 28 U.S.C. § 1441(a). Plaintiffs initially argued in their motion that the court should look to Georgia as Georgia-Pacific's principal place of business, as represented on its website is its headquarters, and thereby determine that diversity jurisdiction does not exist because the parties are citizens of the same state. However, in their reply, Plaintiffs concede that a different rule applies to LLCs than corporations.

The parties appear to agree that for purposes of diversity, an LLC is assigned the citizenship of its members, and its members' citizenship must be traced through however many layers of members there may be. *See Gen. Tech. Apps., Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004).

Georgia-Pacific represents that it is wholly owned by Georgia-Pacific Holdings, LLC, which is wholly owned by Georgia-Pacific Equity Holdings, LLC, which is wholly owned by KRR. According to the affidavits Georgia-Pacific filed as exhibits to its Amended Notice of Removal, KRR is a Delaware corporation with its principal place of business in Wichita, Kansas. *See* Affidavits of Fazio and Berry [Entry #16-2, #16-3]. Georgia-Pacific argues that because none of its members are or were at the time of the commencement of this action Georgia citizens, that complete diversity exists under 28 U.S.C. § 1441.

In their reply, Plaintiffs assert Georgia-Pacific failed to carry its burden of establishing diversity jurisdiction because it relies upon a "conclusory affidavit" establishing KRR's principal place of business is located in Kansas. Plaintiffs argue that the "nerve center" test, which was recently adopted by the United States Supreme Court in *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010), should be employed to determine KRR's principal place of business. *Hertz* determined that the "nerve center" test should be used to determine the principal places of business for corporations. *Id.* Plaintiffs argue the court should look to KRR as the first non-LLC member of Georgia-Pacific, and determine whether KRR, as an alleged holding company, has its principal place of business in Kansas or in Georgia, where Georgia-Pacific is headquartered.

4. Analysis

It is well established that, for purposes of federal jurisdictional diversity of citizenship, an LLC is not a corporation, and thus is not considered a citizen of its state of incorporation and principal place of business, but instead shares the citizenship of its members.[1] *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) ("We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on

[1] The Fourth Circuit has held that in the class action context, an LLC is properly considered "an unincorporated association" within the meaning of 28 U.S.C. § 1332(d)(10), and thus is "deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *see Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698 (4th Cir. 2010). That definition was added to 28 U.S.C. § 1332 by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109–2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.), and diverges from the well-established rule regarding the citizenship of LLCs discussed *infra*. The Fourth Circuit emphasized in *Ferrell* that this definition applies only in cases that were brought pursuant to CAFA's special jurisdictional provisions.

the citizenship of "all the members," "the several persons composing such association," [and] "each of its members. . . . ") (citations omitted); *see also Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 702 (4th Cir. 2010) (noting that the Supreme Court has "made clear that artificial entities *other than corporations* are not citizens for diversity purposes and that courts must look to the citizenship of their members when determining whether diversity jurisdiction exists") (emphasis in original).

A review of the record in the instant case reveals undisputed evidence that KRR's headquarters is in Wichita, Kansas, where it conducts its business. The affidavit of Fazio, as KRR's Secretary, sufficiently establishes that KRR is a Delaware corporation with its principal place of business in Wichita, Kansas, and Plaintiffs have failed to submit any competent evidence contradicting or questioning that sworn testimony or the location of KRR's principal place of business.

The undersigned finds that KRR and Georgia-Pacific are "distinct entities that conduct significant, but different, business activities." *Johnson v. SmithKline Beecham Corp.*, No. 11-5782, 2012 WL 1057435, at *6 (E.D. Pa., March 29, 2012); c*f. Bellomo v. Pa. Life Co.*, 488 F. Supp. 744, 746 (S.D.N.Y.1980) ("Where a holding company is nothing more than an investment mechanism . . . [t]he business of the parent is the business of investment, and that business is carried out entirely at the parent level."). KRR's nerve center is not Georgia on account of its investment (Georgia-Pacific) operating there. Rather, KRR's nerve center is where its ownership decisions are made: Kansas. Accordingly, KRR and Georgia-Pacific are Kansas citizens because KRR's

nerve center is there, and they are Delaware citizens because KRR is a Delaware corporation.

The undersigned declines Plaintiff's invitation to adopt the reasoning in *Brewer v. SmithKline Beecham Corp.*, 774 F. Supp. 2d 720 (E.D. Pa. 2011), that mere holding companies that are members of LLCs have their principal places of business as the "nerve center" of the LLC they hold. *Brewer* was condemned by a subsequent decision in the same District in *Johnson*, in which the court determined that the reasoning employed by *Brewer* created the exact result that *Hertz* sought to avoid. *Johnson*, 2012 WL 1057435, at *6.

Significant to the undersigned's recommendation is the *Hertz* Court's thorough analysis and expression of its desire to craft a "clearer rule" that "accept[s] occasionally counterintuitive results [as] the price the legal system must pay to avoid overly complex jurisdictional administration while producing the benefits that accompany a more uniform legal system." *Id.* at 1194.

The *Hertz* Court held that "[a] corporation's 'nerve center,' usually means its main headquarters, is a single place," and the nerve center test "points courts in a single direction, towards the center of overall direction, control, and coordination. Courts do not have to try to weigh corporate functions, assets, or revenues different in kind, one from the other." *Hertz*, 130 S. Ct. at 1193, 1194. The Court stated that

> A "nerve center" approach, which ordinarily equates that "center" with a corporation's headquarters, is simple to apply *comparatively speaking*. The metaphor of a corporate "brain," while not precise, suggests a single location. By contrast, a corporation's general business activities more often lack a single principal place where they take place. That is to say, the

> corporation may have several plants, many sales locations, and employees located in many different places. If so, it will not be as easy to determine which of these different business locales is the "principal" or most important "place."

*Id.* at 1193.

Georgia-Pacific has provided sworn testimony from an officer of KRR that establishes its principal place of business is located in Kansas. Plaintiffs cite no authority from the Fourth Circuit to support their argument that KRR's principal place of business should be considered any state other than Kansas. Therefore, the undersigned submits Georgia-Pacific's removal is proper pursuant to 28 U.S.C. §§ 1332, 1441(a), 1446(a), (b) and (d), and diversity jurisdiction exists in this case.

III. Conclusion and Recommendation

For the foregoing reasons, the court grants Georgia-Pacific's motion to amend [Entry #16] its notice of removal.

IT IS SO ORDERED.

Further, the undersigned recommends that Plaintiffs' motion to remand [Entry #9] be denied.

IT IS SO RECOMMENDED.

Shiva V. Hodges

May 4, 2012
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).