**WAIVER AND RELEASE**
**AND**
**SITE ACCESS AGREEMENT**

The undersigned _____ (hereinafter "Inspector") has requested access to Georgia-Pacific Corporation's OSB facility (hereinafter "Plant") at 9918 Buford's Bridge Highway, Fairfax, SC  29827 to inspect the conveyor on which employees of Industrial Mechanical, Inc. were working on April 13, 2001.

In consideration of being allowed supervised access to the plant and access to inspect the conveyor in question, Inspector, on behalf of himself, his heirs, personal representatives, successors and assigns does, hereby agrees as follows:

(1)     "Georgia-Pacific Corporation" (hereinafter "GP") shall mean itself, its parents, partners and subsidiary companies and their officers, directors, employees, and any of their design professionals and agents, and each of their respective heirs, personal representatives, successors and assigns, as appropriate.

(2)     Inspector has been advised and fully acknowledges that an OSB plant is inherently dangerous, that extreme caution must be utilized at all times, and that accidents can occur even if extreme caution is utilized at all times. Inspector has further been advised and fully acknowledges that inspection of the conveyor system in GP's Plant is particularly hazardous due to, among other things, it's height, that extreme caution must be utilized at all times, and that accidents can occur at any point in the inspection, despite the utilization of extreme caution.

(3)     Inspector agrees to enter the Plant only in the company of authorized GP personnel, to restrict the inspection to the conveyor in question and its immediate vicinity, to wear a hard hat, steel toe shoes/boots, 4 inch (or longer) sleeved shirt, long pants, safety glasses with rigid side shields, ear plugs, and a high visibility vest or its equivalent at all times while within the Plant and to observe all safety directives of GP and other regulations of the inspection area.

(4)     Inspector agrees that he shall only be allowed to inspect the conveyor in question and the immediate area surrounding the conveyor. At all times before, during, and after the inspection, while at the Plant the Inspector will not speak with any GP personnel except the authorized GP personnel who accompany Inspector, and as to them, to engage only in such communications as are necessary to facilitate the inspection.

(5)     Inspector shall not interfere with or otherwise disturb the work of the plant during his inspection. If Inspector interacts with the conveyor or intends to reach into it, Inspector must wear abrasion resistant leather gloves, and lockout locks will be required.

(6)     If Inspector wishes to reach inside the conveyor, that activity will require a confined space permit be issued by GP.

1

# EXHIBIT 7

(7)     Inspector will participate in "contract or business group orientation" via brainshark and must bring a completion certificate with him or provide it in advance in order to be permitted to inspect the Plant.
(http://www.brainshark.com/GAPac/vu?pi=zIazLfXxiz3Mmrzo).

(8)     Inspector before beginning his inspection will participate in GP's site specific orientation at the site on the day of the inspection.

(9)     If Inspector intends to conduct an inspection by use of a man lift, Inspector shall provide the man lift and receive powered elevated work platform qualified operator training and annual fall protection training. If Inspector intends to reach inside or put anything inside the conveyor in question, Inspector will undergo annual energy control (lockout/tag out) training.

(10)    Inspector further agrees, warrants, and certifies that he is physically fit, able, and capable of inspecting the conveyor.   GP is not responsible for insuring that Inspector is physically, medically, or otherwise fit, able, and capable of inspecting the conveyor, which shall be the sole responsibility of the Inspector.

(11)    Inspector shall release and hold GP harmless for loss of or damage to property and/or equipment of the Inspector of any kind or degree while such property and/or equipment is in or on the Plant property, except where such loss or damage to property and/or equipment results solely from GP's negligence or willful misconduct.

(12)    Inspector shall release and hold GP harmless for any injury of any kind or degree to the Inspector while the Inspector is in or on the Plant property, except where such injury to Inspector results solely from GP's negligence or willful misconduct.

(13)    Inspector forever releases, discharges and does hereby agree to indemnify, defend, and hold GP harmless from and against any and all claims, demands, liabilities, injuries, damages, actions or causes of action, and costs and expense whatsoever in any way relating to the inspection except in case of sole negligence or willful misconduct on the part of GP.

(14)    Inspector shall procure, carry, and maintain public liability (personal injury and property damage) insurance, which shall provide coverage to Inspector during the time the Inspector is in or on the Plant, in a combined single limit of not less than $1,000,000, with a deductible no greater than $1,000, for injury or death to any person or for damage to property in any one occurrence. In addition, such coverage shall be primary to any other insurance that may be available to GP. Inspector shall be responsible for all deductible amounts and for any loss or damage in excess of the policy limit.

(15)    In the event any term or provision of this Waiver and Release is determined by appropriate judicial authority to be invalid, such provision shall not affect the validity or continuing force and effect of any other provision, and the remainder of this Waiver and Release shall be construed to be in full force and effect.

(16)    The undersigned declares that the terms of this Waiver and Release have been completely read, understood and knowingly and voluntarily entered into with the advice of counsel.

IN WITNESS WHEREOF, _____ has signed this Waiver and Release this _____ day of _____, 2013.

_____

Name:_____
(print)

Company:_____

Address:_____

Phone Number:_____

Witness:

_____

Name:_____
(print)

WCSR 7685953v1